<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4314**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JERROD CORNELIUS SMITH, a/k/a Jerod Cornelius Smith,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:08-cr-00037-BO-1)

Submitted: September 9, 2009         Decided: September 18, 2009

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrod Cornelius Smith pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court granted his motion for a downward departure and sentenced him to 144 months of imprisonment, below the advisory guidelines range of 210 to 262 months.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Counsel questions, however, whether the district court erred in upholding a six-level enhancement for assaulting a police officer. Smith was informed of his right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss the appeal on the ground that Smith knowingly and intelligently waived his right to appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells,

2

936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Smith knowingly and voluntarily waived the right to appeal any sentence that did not exceed the advisory guidelines range. The sole sentencing issue he raises on appeal falls within the scope of this waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Smith's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore deny the Government's motion to dismiss in part and affirm Smith's conviction.

This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART